Gerald Singleton (SBN 208783)
Brody A. McBride (SBN 270852)
Trenton G. Lamere (SBN 272760)
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
P: (619) 771-3473
F: (619) 255-1515
Gerald@SLFfirm.com
Brody@SLFfirm.com
Trenton@SLFfirm.com

Michael P. Hernandez (SBN 292679)
HEPBURN, HERNANDEZ & JUNG
TRIAL ATTORNEYS
945 4th Avenue, Suite 201
San Diego, CA 92101
P: (888) 505-2934
F: (877) 808-8348
MHernandez@HHJTrialAttorneys.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA GALLEGOS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO, BRIAN ROLLEFSON, ADRIANA GREEN, MEGAN SIMMERS, and JONATHON TEMNICK, <br><br> Defendants. | Case No.  **'19CV2174 BEN KSC** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMAND** |

## INTRODUCTION

1.     Pursuant to 42 U.S.C. § 1983 and various state laws, plaintiff Yanira Gallegos ("Ms. Gallegos") now sues Defendants City of San Diego ("City"), Brian Rollefson ("Officer Rollefson"), Adriana Green ("Officer Green"), Megan Simmers ("Officer Simmers"), and San Diego Police Sergeant Jonathan Temnick ("Sergeant Temnick") for recovery of damages arising from these officers' unlawful detention and

COMPLAINT                                             1

search of Ms. Gallegos.

2. The California Superior Court for San Diego County, Hon. Carolyn M. Caietti, has already determined these officers' initial detention and search of Ms. Gallegos on March 9, 2019, was unreasonable under the Fourth Amendment to the U.S. Constitution.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, as Plaintiff asserts causes of action arising under 42 U.S.C. § 1983 and state-law claims related thereto.

4. The Court has personal jurisdiction over Defendants in this action, as each of Defendants were located and/or domiciled in the State of California at the time of the events giving rise to this action.

5. Plaintiff has complied with the California Government Code requirements necessary to assert state-law claims against Defendants.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in City of San Diego, San Diego County, California, which is located within the Southern District of California.

## PARTIES

7. Ms. Gallegos is an individual who, at all times relevant hereto, was domiciled in California.

8. The City is a municipal entity duly organized under California law. The San Diego Police Department ("Department") is the City's primary law-enforcement agency. The Department was, at all times relevant to this complaint, responsible for the policies, procedures, practices and customs of the City's law-enforcement officers. As chief of the Department, David Nisleit is among the final policymakers for the Department and for the City on matters relating to the Department and its officers.

9. Officer Rollefson, Officer Green, Officer Simmers, and Sergeant Temnick are each individuals who, at all times relevant hereto, were City employees engaged in

COMPLAINT                                        2

the course and scope of their employment as agents and/or employees of the Department. At all times relevant to this complaint, Officer Rollefson, Officer Green, Officer Simmers, and Sergeant Temnick each acted under color of state law in that they, among other things, were responsible for enforcing the laws of the State of California and did, in fact, arrest and charge Ms. Gallegos for alleged violations of state law.

10. Each individually named defendant acted under color of law, within the scope of his or her agency and/or employment, and with the full knowledge and consent, either express or implied, of their principal and/or employer, and of each of the other named defendants. The named defendants were each the agents, servants, and employees of each of the other named defendants. The named defendants each approved and/or ratified the actions of each of the other named defendants, making each of the named defendants jointly and severally liable for the acts and/or omission of the each of the other named defendants.

**FACTS**

11. On the evening of March 9, 2019, Officer Rollefson and Officer Green began following a red Lexus on suspicion of a traffic violation. Ms. Gallegos was seated in the front passenger seat of the Lexus, and her boyfriend was driving. The officers initiated a traffic stop, and Ms. Gallegos' boyfriend pulled over on the side of the freeway.

12. Discovering Ms. Gallegos' boyfriend had a suspended driver's license, the officers ordered both Ms. Gallegos and her boyfriend out of the vehicle. Then, having no information beyond the fact that Ms. Gallegos' boyfriend had a suspended license, the officers conspired to conduct an unlawful search of the vehicle and its occupants. In furtherance of this conspiracy, Officer Rollefson purported to conduct an inventory search of the vehicle.

13. Although Ms. Gallegos should have been free to leave once ordered out of the vehicle, Officer Green and Officer Simmers continued to detain Ms. Gallegos. And at some point after she was ordered out of the vehicle, the officers conducted a search of

COMPLAINT                                    3

Ms. Gallegos' person.  The officers allege they discovered contraband as a result of this search.  Ms. Gallegos was arrested for possession of a controlled substance for sale, transportation/sale of controlled substance, and possession of drug paraphernalia.

14.    A preliminary hearing was held in the state criminal proceedings on May 14, 2019.  After the San Diego County District Attorney's Office (on behalf of the People of the State of California) presented Officer Rollefson's testimony and then rested, the San Diego Superior Court concluded Officer Rollefson had no legal basis to initially detain Ms. Gallegos and that all evidence derived from searches and seizures following the initial illegal detention should be excluded as the fruits of the illegal detention.  On this basis, the court dismissed all criminal charges against Ms. Gallegos.

15.    As an actual and proximate result of the foregoing events, Ms. Gallegos suffered general and special damages, including emotional distress, annoyance and discomfort, loss of liberty, legal fees, and money spent on bail.

16.    The unconstitutionality of Officer Rollefson's actions under the Fourth Amendment and Article 1, Section 13 of the California Constitution, is now *res judicata*, and the defendants in this case are collaterally estopped from arguing the officers' actions were *not* unconstitutional.  *See Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so . . . ."); *Kelly v. Vons Companies, Inc.*, 67 Cal. App. 4th 1329, 1339 (1998) ("[in California, a] prior determination by a tribunal will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits"); *Miller v. Superior Court*, 168 Cal. App. 3d 376, 383-84 (1985) (finding City in privity with the People of the State of California); *Haupt v. Dillard*, 17 F.3d 285, 288-90 (9th Cir. 1994) (applying collateral estoppel in section-1983 action where probable cause had been determined at preliminary hearing in

state-court criminal case).

17. Sergeant Temnick approved the police report submitted by Officer Rollefson. Sergeant Temnick reviewed and approved the arrest report submitted by Officer Rollefson, which included a description of the events that took place leading up to Ms. Gallego's detention and arrest. None of the officers involved in Ms. Gallegos' unlawful detention and search was disciplined as a result of their unconstitutional acts.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – Unreasonable Seizure

### (Against Officer Rollefson, Officer Green, Officer Simmers)

18. The foregoing paragraphs are incorporated by this reference.

19. It has already been determined that, on March 9, 2019, Officer Rollefson, Officer Green, and Officer Simmers, violated Ms. Gallegos's Fourth Amendment right to be free from unreasonable seizures. More specifically, a California state court has already finally determined the initial detention on March 9, 2019, was unreasonable under the Fourth Amendment and that, in particular, defendants lacked reasonable suspicion (and, by inference, lacked probable cause) to detain, arrest, and/or imprison Ms. Gallegos as defendants did on March 9, 2019.

20. Because Officer Rollefson, Officer Green, and Officer Simmers had no legal justification to initially detain Ms. Gallegos, their detention and search of Ms. Gallegos was unreasonable under the Fourth Amendment.

21. To the extent a particular defendant was not directly involved in Ms. Gallegos' detention, all defendants were present, aware of, and capable of interceding in and stopping the other defendants' unreasonable detention of Ms. Gallegos.

22. In unreasonably detaining, arresting, and imprisoning Ms. Gallegos defendants acted under color of state law. Indeed, Ms. Gallegos was arrested pursuant to defendants' colorable authority to enforce state laws.

23. As a direct and foreseeable result of defendants' actions and/or failures to act with regard to Ms. Gallegos' unreasonable detention, Ms. Gallegos suffered general

COMPLAINT 5

and special damages, including emotional distress, annoyance and discomfort, loss of liberty, legal fees, and money spent on bail.  Ms. Gallegos thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

24.     Further, in conspiring to detain and search Ms. Gallegos' person, knowing full well they lacked any legal justification for doing so, these officers acted in reckless disregard of Ms. Gallegos' Fourth Amendment rights, entitling her to an award of punitive damages in an amount necessary to punish these officers' conduct and to deter such conduct in the future.

## SECOND CAUSE OF ACTION

### Cal. Civ. Code § 52.1(b) – Bane Act

### (Against Officer Rollefson, Officer Green, Officer Simmers, City)

25.     The foregoing paragraphs are incorporated by this reference.

26.     Ms. Gallegos was detained and pulled out of the vehicle by Officer Rollefson, and later searched by both Officer Green and Officer Simmers with no legal basis for Ms. Gallegos' initial detention, as finally determined by the state court.  The officers' conduct therefore prevented Ms. Gallegos from enjoying her right to liberty and her right to be free from unreasonable seizures under the Fourth Amendment and Article 1, Section 13 of the California Constitution.

27.     As a direct and foreseeable result of the officers' actions against Ms. Gallegos, Ms. Gallegos suffered general and special damages, including emotional distress, annoyance and discomfort, loss of liberty, legal fees, and money spent on bail. Ms. Gallegos thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

28.     Moreover, because these individual defendants acted in the course and scope of their employment by City, the City is vicariously liable for the injuries Ms. Gallegos suffered as a result of these defendants' tortious conduct. *See* Cal. Gov't Code § 815.2.

/ / /

COMPLAINT                                              6

## THIRD CAUSE OF ACTION

### False Imprisonment

### (Against Officer Rollefson, Officer Green, Officer Simmers, City)

29.    The foregoing paragraphs (except those falling under Plaintiff's cause of action for negligence) are incorporated by this reference.

30.    The San Diego Superior Court determined Ms. Gallegos's detention on March 9, 2019, was unlawful because there was no legal basis to initially detain Ms. Gallegos.  In detaining, searching, arresting, and imprisoning Ms. Gallegos, Officer Rollefson, Officer Green, and Officer Simmers confined Ms. Gallegos for an appreciable period of time.

31.    At no point did Ms. Gallegos consent to being detained, arrested, or imprisoned.  Therefore, these defendants' detention, arrest, and imprisonment of Ms. Gallegos was entirely without lawful privilege.

32.    As a direct and foreseeable result of Officer Rollefson's false imprisonment of Ms. Gallegos, Ms. Gallegos suffered general and special damages, including emotional distress, annoyance and discomfort, loss of liberty, legal fees, and money spent on bail.  Ms. Gallegos thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

33.    Moreover, because these individual defendants acted in the course and scope of their employment by City, the City of San Diego is vicariously liable for the injuries Ms. Gallegos suffered as a result of these defendants' tortious conduct.  *See* Cal. Gov't Code § 815.2.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against Officer Rollefson, Officer Green, Officer Simmers, City)

34.    The foregoing paragraphs are incorporated by this reference.

35.    At the time of the incident giving rise to this action, Officer Rollefson, Officer Green, Officer Simmers, and Sergeant Temnick each owed Ms. Gallegos a duty

COMPLAINT                                    7

of ordinary care in executing their duties as law-enforcement officers, including the decision whether to detain, arrest, and/or approve the detention and arrest of individual citizens.

36. Officer Rollefson, Officer Green, and Officer Simmers breached the foregoing duty on March 9, 2019, when, without any legal justification, they unlawfully detained and searched Ms. Gallegos' person.

37. As a direct and foreseeable result of these defendants' actions against Ms. Gallegos, Ms. Gallegos suffered general and special damages, including emotional distress, annoyance and discomfort, loss of liberty, legal fees, and money spent on bail. Ms. Gallegos thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

38. Moreover, because these individual defendants acted in the course and scope of their employment by City, the City of San Diego is vicariously liable for the injuries Ms. Gallegos suffered as a result of these defendants' tortious conduct. *See* Cal. Gov't Code § 815.2.

## **FOURTH CAUSE OF ACTION**

### **Negligent Supervision**

### **(Against Sergeant Temnick, City)**

39. The foregoing paragraphs are incorporated by this reference.

40. As the most senior officer of the Department reviewing Officer Rollefson's, Officer Green's, Officer Simmers' conduct in connection with Ms. Gallego's unlawful seizure, Sergeant Temnick owed a duty of using ordinary care in supervising his subordinate officers and taking corrective action where a subordinate had acted unlawfully.

41. Following Ms. Gallegos' unlawful arrest, Sergeant Temnick was apprised of Officer Rollefson's, Officer Green's, Officer Simmers' unlawful conduct. Sergeant Temnick reviewed the report on Ms. Gallegos' arrest and had access to all of the evidence related to the incident, including all the video footage recorded during the

COMPLAINT                                          8

incident. Sergeant Temnick thus had a duty to use ordinary care in ensuring that Ms. Gallegos was not harmed by his subordinates' unlawful conduct.

42. Sergeant Temnick breached the foregoing duties when, instead of halting the criminal proceedings against Ms. Gallegos, including withdrawing charges brought by the Department, Sergeant Temnick ratified Officer Rollefson's, Officer Green's, Officer Simmers' unlawful conduct by approving their report and taking no corrective action.

43. As a direct and foreseeable result of Sergeant Temnick's failure to properly supervise his subordinates, including the failure to take corrective action once he discovered his subordinates' unlawful actions, Ms. Gallegos suffered general and special damages, including emotional distress, annoyance and discomfort, loss of liberty, legal fees, and money spent on bail. Ms. Gallegos thus seeks monetary damages to compensate for these injuries, in an amount to be determined at trial.

44. Moreover, because Sergeant Temnick acted in the course and scope of his employment by City, the City of San Diego is vicariously liable for the injuries Ms. Gallegos suffered as a result of this defendant's tortious conduct. *See* Cal. Gov't Code § 815.2.

## **PRAYER FOR RELIEF**

45. Based on the foregoing allegations, Plaintiff demands:

   a. that judgment be rendered in favor of Plaintiff and against Defendants on all causes of action asserted herein;

   b. injunctive relief preventing Department officers from detaining and searching the person (i.e., patting down) individuals as a matter of course (i.e., without regard to whether there is reasonable suspicion that an individual is presently armed and dangerous);

   c. pursuant to each and every cause of action asserted herein, compensatory damages (including economic and non-economic damages), in amounts to be determined at trial;

COMPLAINT                                          9

d.  as to Officer Rollefson, Officer Green, and Officer Simmers, punitive damages, as permitted under federal law, in an amount necessary to punish the reckless violation of Plaintiff's civil rights and to deter such conduct in the future;

e.  reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, California Government Code section 52.1(h), California Code of Civil Procedure section 1021.5, and all other relevant statutory and case law; and

f.  any and all other relief in law or equity to which Plaintiff may be entitled and which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands, under the Seventh Amendment, a trial by jury as to each and every cause of action asserted herein.

Dated:  November 14, 2019          Singleton Law Firm, APC

By:     */s/Brody A. McBride*

Brody A. McBride

Attorneys for Plaintiff

COMPLAINT                                        10